IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NEW CFH, LLC, et al.                                                                                   PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 1:22-CV-181-SA-DAS

HORIZON GENERAL CONTRACTORS, INC.;
DAVID BOYCE; INTERPLAN, LLC; and
JOHN DOES 1-5                                                                                        DEFENDANTS

ORDER AND MEMORANDUM OPINION

This lawsuit commenced on October 11, 2022, when New CFH, TQ Real Estate, and Nashville Quality filed their Complaint [2] in the Circuit Court of Lee County, Mississippi against Horizon General Contractors, Inc.; David Boyce; and Interplan, LLC. On December 2, 2022, Horizon filed a Notice of Removal [1], premising federal jurisdiction on the basis of diversity. On December 30, 2022, the Plaintiffs filed a Motion to Remand [11]. That Motion [11] has been fully briefed. Having reviewed the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Relevant Background*

This litigation concerns the construction of a Burger King restaurant located at 3820 S. Eason Boulevard in Tupelo, Mississippi.

On April 7, 2016, TQ Real Estate, the owner, entered into a construction contract with Horizon, the contractor.[1] Although the contract was between TQ Real Estate and Horizon, the contract specifically listed David Boyce as the project architect. Apparently, Interplan, LLC is the company through which Boyce conducts business.

---

[1] According to the Complaint [2], "New CFH is the parent entity of TQ Real Estate and Nashville Quality. TQ Real Estate was the original party to the contract with Horizon, which gives rise to this complaint, but has been consolidated into Nashville Quality." [2] at p. 2. For the sake of this Order and Memorandum Opinion, the Court will refer to these entities jointly as "the Plaintiffs."

According to the Plaintiffs, the Defendants failed to comply with the terms of the contract. The Plaintiffs specifically allege:

> Previously latent issues with the design and/or construction of the Project have manifested and been observed by Plaintiff in both the interior and exterior of the Project, including, but not limited to the following: (i) interior tile falling off wall; (ii) interior drywall starting to bubble; (iii) restroom tile starting to efflorescence; (iv) exterior brick and sheathing moisture damage with brick falling off the Project; and (v) gaps between window frames and walls to the exterior of the Project.

[2] at p. 3.

The Plaintiffs engaged an engineering firm to assess the property, and the firm identified multiple deficiencies. Despite being advised of the deficiencies, the Defendants, according to the Plaintiffs, have failed to take any steps toward remediation.

The Plaintiffs ultimately resorted to legal action. On October 11, 2022, they filed their Complaint [2] in the Circuit Court of Lee County. As to Horizon, the Plaintiffs assert claims for breach of contract, misrepresentation, negligence, gross negligence, breach of express and implied warranties, and detrimental reliance. They assert claims against Boyce and Interplan for breach of contract, negligence, gross negligence, and detrimental reliance.

The timeline of procedural events that occurred thereafter is critical to the present Motion [11].

The Plaintiffs effectuated service of process on Horizon on November 4, 2022. The proof of service was filed on the docket in the state court proceeding. *See* [4] at p. 84-85. Boyce and Interplan were served with process on November 7, 2022. However, the Plaintiffs never filed proofs of service indicating service of either of those Defendants on the docket in the state court proceeding (and they *still* have not filed proofs of service in this Court). On December 2, 2022,

Horizon filed its Notice of Removal [1], asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Neither Boyce nor Interplan joined in the Notice of Removal [1].

On December 30, 2022, the Plaintiffs filed a Motion to Remand [11], the basis of which is Boyce and Interplan's failure to join in the Notice of Removal [1]. Boyce and Interplan filed a Joinder in Notice of Removal [13] the very next day, wherein they state that they "consent to the removal." [13] at p. 1.

*Applicable Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). After removal of a case, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

*Analysis and Discussion*

The issue squarely before the Court in the present Motion [11] concerns the "rule of unanimity." The rule stems from the language of 28 U.S.C. § 1446, which in pertinent part provides:

3

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(b)(2)(A).

Stated simply, under the rule of unanimity, "consent of all co-defendants who have been properly served is required for removal." *Andrews v. Miss. Farm Bureau Cas. Ins. Co.*, 187 F. Supp. 3d 749, 754 (S.D. Miss. 2016) (citing *Sampson v. Pangborn Corp.*, 2015 WL 5971254, at *1 (S.D. Miss. Oct. 14, 2015)).

As indicated above, neither Boyce nor Interplan joined in or consented to Horizon's Notice of Removal [1] until December 31, 2022. The Plaintiffs contend that Boyce and Interplan's failure to timely join in or consent to Horizon's Notice of Removal [1] renders the removal defective. Horizon concedes that Boyce and Interplan did not timely join in or consent to the removal. However, Horizon emphasizes that the Plaintiffs failed to file proofs of service on the docket indicating that Boyce and Interplan had been served and that it was therefore unaware that the Plaintiffs had effectuated service on the other Defendants. Horizon contends that since the Plaintiffs failed to file the proofs of service on the docket, Boyce and Interplan's failure to join in or consent to the removal excusable.

To support its position, Horizon relies on a 2008 decision from the District Court for the Western District of Louisiana. *See Cooper v. Sentry Select Ins. Co.*, 2008 WL 4610235 (W.D. La. Oct. 15, 2008). In *Cooper*, the plaintiff filed suit in Louisiana state court against three defendants: Sentry, Cook, and MCH. *Id*. at *1. On April 22, 2008, Sentry was served via the Secretary of State, and Cook and MCH were served via certified mail on April 28, 2008 and May 7, 2008 respectively. *Id*. Sentry removed the case on May 14, 2008, but Cook and MCH did not join in the removal. *Id*. When the plaintiff sought remand based on the defendants' failure to comply with the rule of

4

unanimity, the defendants argued that Cook and MCH were not required to join in the removal petition since proofs of service had not been filed on the state court docket at the time of removal. *Id*. at *2.

The district court ultimately agreed with the defendants' position, specifically holding that "for purposes of satisfying the rule of unanimity, the Court finds that the non-removing defendants are not required to consent to or join the removal petition until proof of service is filed in the record." *Id*. As a rationale for that conclusion, the court further explained that "counsel for the removing defendant should be able to rely on the state court record when determining whether to seek other defendants' consent to removal. . . If the rule of unanimity was predicated on effective service, . . . *a clever plaintiff could delay filing proof of service to obscure this fact in an effort to render the removal petition defective based of lack of unanimity*." *Id*. (emphasis added).

Although emphasizing the *Cooper* decision (which supports its position), Horizon did not reference a more recent decision from this Court, wherein Senior District Judge Biggers reached the opposite conclusion. *See Magium v. State Farm Ins. Co.*, 2018 WL 1463353 (N.D. Miss. Mar. 23, 2018). In *Magium*, the plaintiff, Joyce Magium, filed her complaint on March 23, 2017, in the Circuit Court of Tunica County, Mississippi. *Id*. at *1. She named two defendants: State Farm Insurance Company and Nationwide Insurance Company. *Id*. State Farm was served with the complaint on March 27, 2017. *Id*. Nationwide filed a notice of removal on April 12, 2017, but State Farm did not join the removal. *Id*. State Farm took no steps to join in the removal at that time, despite being placed on notice of the removal on April 18, 2017, via an email from Magium's counsel. *Id*. Magium filed a motion to remand on May 3, 2017, and State Farm eventually joined in the removal on May 15, 2017. *Id*.

Analyzing the failure to comply with the rule of unanimity, this Court squarely rejected Nationwide's opposition to the remand request:

> Defendant Nationwide argues that State Farm did not know Nationwide had removed the action, and Nationwide did not know that State Farm had been served. Counsel for plaintiff attached as an exhibit to the motion to remand a copy of an email exchange revealing that he put counsel for State Farm on notice of Nationwide's removal by email when he received the answer and discovery from State Farm's counsel on April 18, 2017. This date was within the thirty-day period after State Farm was served, and yet State Farm did not consent to removal until May 15, 2017. The consent was therefore untimely, and the removal is defective. Because the removal statute requires strict construal, the court must remand this case to state court.

*Id*. at *2.[2]

Although not cited by the parties, the Court notes that the United States District Court for the District of Massachusetts has also addressed this issue relatively recently. *See Doe v. McGuire*, 289 F. Supp. 3d 266 (D. Mass. 2018). The issue in *Doe*, like the cases referenced above, was whether the rule of unanimity should be applied to require remand when there was no proof in the state court record to indicate that the non-consenting defendants had been served with process. *Id*. at 269. The district court sided with the plaintiffs and held that the lack of proof of service on the docket did not excuse the failure to obtain the consent of all defendants:

> Strict construal of the removal statutes compels the conclusion that the Removing Defendants were required to obtain McGuire's consent because she was served on the same day as the notice of removal was filed. The removal statute does not require the consent of "all defendants whose proof of service is on file"; rather, it requires the consent of "all defendants who have been properly joined and served." 28 U.S.C. § 1446(b)(2)(A). Allowing defendants to use proof of service as a proxy for actual service would be particularly ill-advised in Massachusetts, where "failure to make proof of service . . . does not affect the validity of service."

---

[2] In addition to not addressing *Magium* in its Response Memorandum [21], Horizon, despite receiving leave of court to file a Sur-Reply, did not address *Magium* in the Sur-Reply [37]—even though the Plaintiffs specifically cited to and relied on the case in their Reply [26].

6

*Id*. at 271 (citations and quotation marks omitted).

The district court further reasoned that "a removing defendant must exercise reasonable diligence, beyond a glance at the docket, in attempting to discern the status of service on codefendants and obtain unanimous consent." *Id*.

Additionally, this Court finds noteworthy a 2017 decision from the District Court for the District of Hawaii. *See Lewis v. HSBC Bank USA, N.A.*, 2017 WL 3671279 (D. Haw. Aug. 25, 2017).[3] In *Lewis*, the court analyzed the same issue—the intersection of a plaintiff's failure to file a proof of service as to a non-consenting defendant and the rule of unanimity. *Id*. at *1. The court ultimately concluded that rule of unanimity must be satisfied, regardless of whether proof of service was filed. *Id*. at *3. In reaching this conclusion, the court provided a thorough survey of cases across the country addressing this issue:

> Conflicting authority exists regarding the extent of a removing defendant's duty to ascertain whether co-defendants have been served at the time the notice of removal is filed. However, many courts require the consent of served co-defendants, regardless of the filing of proofs of service, and they find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants. *See*, *e.g.*, *Barbera v. WMC Mortg. Corp.*, 2009 WL 742843, at *2 (N.D. Cal. Mar. 18, 2009) ("[T]he obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party."); *Career Network, Inc. v. Wot Servs., Ltd.*, 2011 WL 397906, at *2 (M.D. Fla. Feb. 3, 2011) (holding that because service was effected prior to removal, a co-defendant's consent to the removal was required even though the proofs of service were not filed prior to removal); *AGI Pub., Inc. v. HR Staffing, Inc.*, 2012 WL 3260519, at *6 (E.D. Cal. Aug. 8, 2012) (finding a lack of diligence sufficient to excuse the removing defendant's failure to join its co-defendants where the removing defendant 1) had knowledge that one defendant had been served prior to removal and 2) checked the docket once, eight days prior to removal, but did not recheck or consult the state court clerk's

---

[3] The Court notes that the *Lewis* decision is a report and recommendation issued by a Magistrate Judge. The report and recommendation was adopted in full by the district court. *See* 2017 WL 40119416.

office); *Orozco v. EquiFirst Corp.*, 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) ("A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient."); *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86, 87 (N.D. Ill. 1996) (deeming insufficient the removing defendant's phone call to the clerk and instruction to a docketing employee and explaining that the removing defendant should have taken the further step of attempting to contact the co-defendant to determine whether it had been served); *Sasser v. Florida Pond Trucking, LLC*, 2016 WL 3774125, at *6 (M.D. Ala. June 24, 2016), report and recommendation adopted, 2016 WL 3769754 (M.D. Ala. July 14, 2016) (concluding that the removing defendant's due diligence requires more than a mere check of state court records to see if proofs of service have been filed as to co-defendants); *Beltran v. Monterey Cnty.*, 2009 WL 585880, at *3 (N.D. Cal. Mar. 6, 2009) (finding a lack of due diligence where the removing defendant called the court clerk to determine if proofs of service had been filed as to co-defendants, was informed that no proof of service had been filed for certain co-defendants, but took no further steps to ascertain whether those co-defendants had been served); *Parker v. Johnny Tart Enters., Inc.*, 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999) (rejecting the removing defendants' "reliance on their search for and the absence of a return of service for Defendant Blackstock in the state court records prior to the filing of Defendants' notice of removal" and finding that "there is no authority within the Fourth Circuit supporting the creation or application of an equitable exception to the thirty-day time limit of 28 U.S.C. § 1446(b) based on 'exceptional circumstances.'").

Other courts allow removing defendants to rely on the state court docket for filed proofs of services. *See*, *e.g.*, *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (E.D. Cal. 2007) (reasonable diligence found where the removing defendants checked the state court docket to ascertain whether co-defendants had been served prior to removal and concluding that the removing defendants did not have a duty to contact the plaintiffs' counsel to investigate whether service had been effected upon co-defendants); *Laurie v. Nat'l R.R. Passenger Corp.*, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) ("[T]he better rule is that a defendant is required to obtain consent only from those codefendants who it knew or should have known" had been served, in the exercise of reasonable diligence—i.e. repeatedly checking the docket, calling the office on more than one occasion to determine whether a proof of service had been filed); *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (finding "that the exceptional circumstances of this case justify the

8

> following holding[:] ... joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served. The second requirement encompasses the served defendants whom the removing defendant(s) actually knew had been served. This requirement also mandates that the removing defendant(s) obtain the consent or joinder of the other defendant(s) whom the removing defendant(s) should have been aware of because of the constructive notice of the filing of the return of service in the state court. The constructive notice element should only be applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such other defendants.").

*Id*. at *3-4 (some citations shortened).

Thus, while there is some disagreement, it appears that most courts facing the issue have held that the rule of unanimity must be satisfied regardless of whether proof of service has been filed as to non-consenting defendants.

In analyzing Horizon's arguments in opposition to remand, the Court begins with its reliance on *Cooper*. In its Response Memorandum [21], Horizon emphasizes the District Court for the Western District of Louisiana's rationale that "a clever plaintiff could delay filing proof of service to obscure this fact in an effort to render the removal petition defective based on lack of unanimity. Such forum manipulation by a plaintiff would effectively give the plaintiff an unfair advantage in the litigation." [21] at p. 4 (quoting *Cooper*, 2008 WL 4610235 at *2). Although noting this rationale, Horizon has not made any specific contention that the Plaintiffs in *this* litigation have engaged in any effort to hide the fact that service of process had been perfected as to Boyce and Interplan. Horizon alleges only that the Plaintiffs acted in dilatory fashion.

Horizon also emphasizes that, pursuant to Rule 4(f) of the Mississippi Rules of Civil Procedure, "[t]he person serving the process shall make proof of service thereof to the court promptly." MISS. R. CIV. P. 4(f). According to Horizon, the Plaintiffs, when arguing for remand,

9

"wholly ignore their own failure to comply with service of process requirements in the state court action." [21] at p. 3. However, Horizon omits the last portion of Rule 4(f), which specifically provides that "[f]ailure to make proof of service does not affect the validity of service." MISS. R. CIV. P. 4(f). As noted above, the District Court for the District of Massachusetts found a similar rule under the Massachusetts Rules of Civil Procedure to be pertinent in this analysis: "[a]llowing defendants to use proof of service as a proxy for actual service would be particularly ill-advised in Massachusetts, where 'failure to make proof of service . . . does not affect the validity of service.'" *Doe*, 289 F. Supp. 3d at 271 (citation omitted). The same rationale applies here.

The Court also notes, as was the case in *Magium*, the non-consenting defendants—Boyce and Interplan—delayed significantly after becoming aware of the removal. Boyce and Interplan were served with process on November 7, 2022.[4] Attached to the Plaintiffs' Reply [26] is an email exchange between Plaintiffs' counsel and Hiawatha Northington II, counsel for Boyce and Interplan. *See* [26], Ex. 1. Within that exchange is an email dated *December 6, 2022*, in which Northington states in pertinent part: "I see it's been removed to fed court." *Id*. at p. 1. Despite being aware of the action having been removed, Boyce and Interplan failed to take any steps whatsoever to join in or consent to removal at that time. They did not do so until December 31, 2022—the day after the Plaintiffs filed their Motion to Remand [11]. This is precisely the factual scenario this Court addressed in *Magium* when it remanded that case. It also undercuts Horizon's assertion that "[i]n effect, Plaintiffs argue that Boyce and Interplan should have used a crystal ball in order to predict that Horizon would remove the case out of state court and into this Court." [37] at p. 2.

---

[4] The Court again notes that the proofs of service as to service on Boyce and Interplan have not been filed on the docket. However, in a Consent Motion for Extension of Time [7], Boyce and Interplan represented to this Court that "[t]he Plaintiff served Defendant Interplan, LLC on November 7, 2022." [7] at p. 1. Since Boyce and Interplan's counsel made that representation, the Court accepts it as true.

Additionally, the Court notes the language of the District Court of Hawaii in its synopsis of cases from across the country: "many courts require the consent of served co-defendants, regardless of the filing of proofs of service, and they find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants." *Lewis*, 2017 WL 3671279 at *3. Here, Horizon has provided no explanation of any efforts in which it engaged to try to determine the status of service of process on Boyce and Interplan. Instead, Horizon only points to the Plaintiffs' failure to file proofs of service on the docket.

Like several courts that have considered the issue, the Court finds that more is required than simply checking the state court docket. This is particularly true when considering the applicable statutory language, which mandates that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). As emphasized by the *Doe* court, "[t]he removal statute does not require the consent of 'all defendants whose proof of service is on file'; rather, it requires the consent of 'all defendants who have been properly joined and served.'" *Doe*, 289 F. Supp. 3d at 271.

The Court again reiterates that "federal removal statutes are to be construed strictly against removal and for remand." *Gillis v. Great Atl. & Pac. Tea Co.*, 153 F. Supp. 2d 883, 884 S.D. Miss. 2001) (citing *Eastus*, 97 F.3d at 106; *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09; *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986)). The Defendants clearly failed to comply with the straightforward, plain language of 28 U.S.C. § 1446(b)(2)(A). The arguments against remand essentially ask this Court to not apply the statute as written. These contentions are unavailing. The removal was defective, and remand is required.

*Conclusion*

For the reasons set forth above, the Plaintiffs' Motion to Remand [11] is GRANTED. This CASE is hereby REMANDED to the Circuit Court of Lee County, Mississippi. The Clerk of Court is directed to take all steps necessary to accomplish the remand. This CASE is CLOSED.[5]

SO ORDERED, this the 28th day of June, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Boyce and Interplan also filed a Motion to Change Venue [15]. The parties agreed that the Court should resolve the Motion to Remand [11] prior to considering the venue issue. In light of its ruling on the remand issue, the Court will not address the Motion to Change Venue [15].